**Charles BYRD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 50579.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 27, 1987.

Motion for Rehearing and/or Transfer
Denied March 4, 1987.

Application to Transfer Denied
April 14, 1987.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

SATZ, Presiding Judge.

This is an action under Rule 27.26. At issue is movant's plea of guilty to robbery, first degree. The court below denied movant's Rule 27.26 motion after an evidentiary hearing. Movant appeals. We affirm.

Movant was charged with assault, first degree, robbery, first degree and armed criminal action. Apparently, the state agreed to recommend concurrent ten year sentences on the assault and robbery charges and to nolle pros the armed criminal action charge if movant would plead guilty to the assault and robbery. Movant pled guilty to the two charges, and the state entered a nolle pros for the armed criminal action.

Movant argues there was no factual basis to support his plea of guilty to the robbery charge. The basic elements of robbery, first degree are the "taking" of property of another by violence or fear and the carrying off or the "asportation" of that property. *State v. Parcel*, 546 S.W.2d 571, 573 (Mo.App.1977). The "taking" of the property occurs when the offender wrongfully assumes complete dominion over the property and "asportation" occurs when the property taken has been moved, however slightly. *State v. Knabe*, 538 S.W.2d 589, 592 (Mo.App.1976). Movant contends the elements of "taking" and "asportation" were not established at his guilty plea and, thus, the factual basis for the plea was not established. We disagree.

At the guilty plea, the prosecutor recited the following facts:

[O]n the 31st day of March of 1983, Mr. Johnell Pence, ..., was walking down Delmar, in the City of St. Louis, when the defendant approached him and took from him a suitcase, and when Mr. Pence tried to recover the suitcase and did re-

cover the suitcase, he was stabbed several times with a knife. Mr. Pence's wounds required immediate hospitalization, though I think he was released the next day. He did receive serious physical injury by means of a dangerous instrument, the knife, and that Mr. Pence would identify Mr. Byrd as the assailant.

These recited facts easily support finding of the "taking" of property and its subsequent "asportation". Moreover, the facts as recited are easily understood. The prosecutor stated movant "took" the suitcase and the victim later "recovered" it. The words "took" and "recovered" are used in common parlance, and there is nothing in the record to even indicate movant did not understand them. When movant was asked by the plea court if the recited facts were true, he answered: "Yes." The plea court also questioned movant about his ability to understand the proceedings, the voluntariness of his plea and his knowledge of the rights waived by a guilty plea. All these questions were answered affirmatively. The court also elicited from movant that he had been through the plea process before, when he pled guilty to an earlier offense. Although movant was not specifically asked about his educational background or his understanding of English, a review of the record reveals all the essential questions were phrased in plain, simple and easily understood English. Movant's answers clearly show he understood what was being asked and he was no neophyte to the plea process. The facts recited by the prosecutor established the crime charged and it was shown movant understood the facts as recited. This shows a valid plea of guilty. *Smith v. State*, 663 S.W.2d 248, 249 (Mo.App.1983). A recital of facts by movant was not necessary. *Matthews v. State*, 501 S.W.2d 44, 46 (Mo.1973).

However, at the hearing below, two police reports of the incident and the victim's deposition, taken before the guilty plea, were admitted into evidence without objection. Movant argues these exhibits show the acts he committed did not constitute "taking" and "asportation". Movant's argument is misdirected and, thus, misses the mark.

Neither party nor our research has disclosed a case which discusses the relevance and probative value of the movant's exhibits in the present context. We find the exhibits to be irrelevant to defendant's present argument.

The focus here is whether the facts as recited established the crime charged, whether movant understood them and whether he stated they were true. *See, e.g. Smith v. State, supra* at 249. What the victim or others would or would not testify to at trial is not relevant to these questions. Perhaps, this possible or probable testimony could have affected movant's decision to plead guilty but that effect and, thus, his decision to plead guilty is determined prior to the guilty plea by movant with assistance of his trial counsel. This present argument, however, does not question the effectiveness of movant's trial counsel.

Movant also contends his trial counsel was ineffective. He bases this contention on three alleged errors of counsel.

First, movant asserts his counsel did not inform him of the elements of robbery. This contention is not supported by the record. At the plea hearing, movant's counsel told the court she informed movant of the elements of the crimes charged and movant told the court he understood these elements. Movant offered no testimony at the motion hearing to rebut the statements he and his attorney made at the plea hearing. However, even if movant's counsel did fail to inform him of the elements of the crime, it would not necessarily invalidate his plea of guilty. The inquiry is whether the alleged ineffectiveness of counsel vitiated the requisite understanding and voluntariness of the plea. *Beattie v. State*, 603 S.W.2d 42, 44 (Mo. App.1980). There is no requirement that counsel explain the technical elements of the offense, only that the defendant understand the nature of the charge. *Matthews v. State*, 501 S.W.2d 44, 47 (Mo.1973). When an accused admits in open court facts which constitute the offense, as movant did here, he cannot thereafter with-

draw his plea on the assertion he did not understand the nature of the charge to which he pled guilty. *Ballard v. State*, 577 S.W.2d 932, 934 (Mo.App.1979). Movant simply fails to demonstrate he did not understand the nature of the charges against him.

The second and third errors of counsel alleged by movant may be addressed together. Movant contends his trial counsel failed to perceive the elements of "taking" and "asportation" were missing from the state's case, and, because of this failure, his trial counsel permitted the prosecutor to "misstate" the facts at the plea hearing. To support this claim of ineffective counsel, movant must show counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 1984; *Laws v. State*, 708 S.W.2d 182, 185 (Mo.App.1986). Movant failed to make this showing.

Movant's argument is based solely on his reading of the victim's deposition. He reads the deposition as showing only that a struggle occurred between him and the victim over the suitcase, the suitcase was dropped and he stabbed the victim. According to movant, the victim never said movant gained complete control of the suitcase and, thus, movant's "taking" and "asportation" of the suitcase could not be proven. Trial counsel, movant argues, should have perceived this defect and stopped the prosecutor from "misstating" the provable facts at the guilty plea. Movant's argument is not persuasive.

Movant's use of his exhibits at the hearing below is at best questionable. For example, at trial, the state would not be confined to the victim's deposition testimony to prove its case. As correctly pointed out by the court below, the deposition, as read by movant, could perhaps be used by him to impeach the victim, but nothing more.

■ For our purposes here, however, we assume the use to be proper. Movant focuses on his reading of the victim's deposition and on the constraints his reading would put on the state at trial. Movant

conveniently avoids the statement in the police report by a witness who said "the subject then ran from the victim's location with the victim's briefcase in his hand." This plus the victim's identification of movant and the brutality of the attack certainly would be sufficient for movant's trial counsel to recommend movant plead guilty on the state's recommendation.

Judgment affirmed.

CRIST and KELLY, JJ., concur.