STATE of Missouri, Respondent,

v.

Avery L. McCOY, Appellant.

No. 51704.

Missouri Court of Appeals,
Eastern District,
Division One.

March 10, 1987.

Lew Anthony Kollias, Melinda K. Pendergraph, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a jury conviction of the class C felony of tampering first degree. Defendant was sentenced to fifteen years' imprisonment as a prior and persistent offender. We affirm.

Under § 569.080.1(2), RSMo 1986, defendant is guilty of tampering when he knowingly operates an automobile without the consent of the owner. Defendant asserts insufficiency of the evidence to support the conviction in that the owner gave him permission to drive the automobile in question. On October 6, 1985, victims went to a ball game at Busch Stadium and parked their car in a parking lot on Broadway. When they drove into the parking lot, defendant was standing near the booth in the parking lot. He instructed victims to park in the back of the parking lot. They parked as instructed, locked the car and took the keys with them. When they returned, defendant walked up to them and said, "I need to get your car out of this lot where it's parked ... I wouldn't be doing my job if I didn't get this car out for you." Victim-husband gave defendant the keys and pointed out the car so that defendant could bring the car around to them. Defendant said, "I will bring it around to you on Broadway. Wait for me over there." Defendant got into the car and drove away. Victims did not give defendant permission to drive their car anywhere except for the few feet to drive it to them. They did not give him permission to drive the car away from the lot or to drive the car on October 6, 7 and 8, 1985. On October 8, defendant was apprehended while driving victims' automobile.

Defendant testified he had previously arranged to get rid of the car for the victim. There had been some delay in getting the car to the "chop shop," and he had to pick up the car a second time. Defendant testified he found out before he picked the car up the second time that the victim "hadn't stood on his words" and had reported the car as stolen.

We view the evidence in a light most favorable to the State. *State v. Story*, 646 S.W.2d 68, 72 (Mo. banc 1983). The owners testified defendant did not have permission to drive their car away from the lot. Furthermore, defendant admitted he was driving the car after he knew it had been reported as stolen. Defendant's testimony by itself was sufficient to allow the jury to find defendant knowingly drove the car of another person when he did not have permission.

Defendant also complains about the denial of his oral motion for a continuance made on the morning of the trial. The motion was properly denied because it was not in writing and accompanied by an affidavit as required by Rule 24.09. *State v. Stout*, 675 S.W.2d 931, 935 (Mo.App.1984). Even if defendant had complied with Rule 24.09, his motion was properly denied. At the pre-trial conference, defense counsel stated it was not until a day before trial that defendant gave her the names of two

witnesses. Approximately three months earlier, defendant had indicated to his lawyer that he had no witnesses he wanted to call. At all times thereafter, until a day before trial, defendant repeatedly told his lawyer that there were no witnesses that he wanted to call on his behalf. When defendant gave his lawyer the names of the two witnesses, he gave no addresses or telephone numbers. The record does not show that further time would increase the probability of finding the witnesses.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.