**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Hurley WILLIAMS,
Defendant-Appellant.**

No. 52284.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 15, 1987.

Motion for Rehearing and/or Transfer
Denied Oct. 23, 1987.

Application to Transfer Denied
Dec. 15, 1987.

Holly G. Simons, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant was found guilty by a jury of first degree assault. The trial court sentenced him as a persistent offender to twenty-five years' imprisonment. He appeals; we affirm.

Early in the afternoon on August 1, 1985, Barbara Johnson, the victim, accompanied Gloria Brown to the home of Aielene Wallace. Mrs. Brown wanted to collect some money she claimed Mrs. Wallace owed her. Defendant was present at the Wallace home when they arrived. When asked for the money, Mrs. Wallace said that she had no money but to come back after the mail was delivered because she was expecting her welfare check. Meanwhile, defendant spoke to the victim, whom he had lived with previously, claiming she owed him money. Mrs. Brown and the victim left.

Later that evening Mrs. Brown, her husband, and the victim returned to the Wallace home. Mrs. Wallace, her husband, and defendant were sitting outside. Mrs. Wallace appeared upset, and when Mrs. Brown again asked for the money Mrs. Wallace became angry and cursed her. A struggle between Mrs. Brown and Mrs. Wallace ensued. The fight was quickly broken up by the husbands. Defendant pulled out his knife and chased the victim down the stairs. Mrs. Brown tried to stop him and said, "Uncle Hurley, please don't go down there and hurt her." Defendant pushed her away. On the sidewalk defendant caught the victim and cut her twice with the knife: once on the left forearm and once on the neck. Defendant filed. Mrs. Brown came down the stairs and found the victim on the ground bleeding profusely. She was taken to the hospital by the Browns.

The hospital medical report admitted into evidence shows the victim suffered a five-inch laceration on the left side of her neck just below the jaw and a two-inch laceration on her forearm. It also indicates that she was informed of the likelihood of hypertrophic scars. The victim testified that thirty-eight stitches were required to close the neck wound. The scars and pictures of her taken a few days after the incident were shown to the jury. The knife defendant used, which was taken from him approximately a week after the offense, was introduced into evidence.

Defendant testified that the knife was his, that he did not use the knife on the victim, and that she was lying about the incident. Mrs. Wallace testified for the defendant and said she was unaware of the knifing.

On appeal defendant claims the trial court erred in refusing to instruct the jury on the lesser included offense of second degree assault.

The state charged defendant with first degree assault, which requires an attempt to kill or knowingly causing or attempting to cause *serious physical injury* to another person. § 565.050, RSMo 1986 (emphasis added). "Serious physical injury" is defined as "physical injury that creates a substantial risk of death or that causes

serious disfigurement or protracted loss or impairment of the function of any part of the body." § 556.061(26), RSMo 1986.[1] Second degree assault is committed if a person "knowingly causes or attempts to cause *physical injury* by means of a deadly weapon or dangerous instrument." § 565.060.1(2), RSMo 1986 (emphasis added). "Physical injury" is any physical pain, illness, or impairment of a physical condition. § 556.061(20), RSMo 1986. The court refused defendant's instructions on second degree assault.

Defendant argues that whether the evidence showed "serious physical injury" or "physical injury" was an issue for the jury to decide; thus the trial court should have instructed the jury on second degree assault and "physical injury."

We believe this issue was resolved against defendant in our recent case of *State v. White*, 738 S.W.2d 590 (Mo.App.E.D.1987). There it was contended that the trial court erred in failing to instruct on the lesser included offenses of first degree assault without serious physical injury or second degree assault. The victim had been shot in the back, and the defendant, as here, denied that he committed the act. In rejecting defendant's contention we said,

> Defendant next contends that the trial court erred in failing to instruct on the lesser included offenses of first degree assault without serious physical injury or second degree assault. This contention is premised upon the conclusion that the question of serious physical injury was an important disputed issue in the case. What we have heretofore said largely disposes of this contention. An instruction on a lesser included offense is required only if the evidence of probative value could form a basis of acquittal of the higher offense and a basis for conviction of the lower. *State v. Olson*, 636 S.W.2d 318 (Mo. banc 1982) [1–4].

> When a defendant denies the commission of the act charged and there is no evidence which mitigates the offense or provides a different version of it, instructing down is not required. *Id.* Here the state's evidence was that defendant without provocation shot Donald Shivers in the back inflicting the previously described injuries. Defendant's evidence was that he did not shoot Donald at all. The only evidence was that the injuries were very nearly fatal and resulted in impairment of the function of Donald's lungs and serious disfigurement. There was no evidence to the contrary. There was no evidence to form a basis for acquittal on the offense charged and conviction for a lesser offense. There was no error.

*White*, at p. 592.

The uncontradicted evidence presented by the state showed that defendant inflicted severe knife wounds to the victim's neck and forearm. At trial, more than one year after the attack, the scars remained. "Disfigure" means to deface or mar the appearance or beauty of someone or something. Webster's Third International Dictionary 468 (1965). In this case the victim was left with a five-inch wound and the resulting hypertrophic, or elevated, scar in a prominent location. The offense was committed with a knife and in a slashing style. This evidence was sufficient to prove that defendant intended to seriously disfigure the victim.

Here, the state's evidence was that defendant without provocation cut Miss Johnson on the neck with a knife. Defendant's evidence was that he did not do it. The only evidence was that the neck scar was a serious disfigurement. There was no evidence to the contrary. Therefore, there was no evidence to form the basis for acquittal on the offense charged and conviction of a lesser offense. *White*, at p. 592.

---

1. We note that the definition of "serious physical injury" was amended in 1983. "Serious permanent disfigurement" was replaced with "serious disfigurement," deleting the word "permanent." Laws 1983, p. 923, S.B. No. 276 § 1. Permanency is no longer required for disfigurement to qualify as "serious physical injury."

The trial court did not err in refusing to instruct the jury on second degree assault.

Judgment affirmed.

DOWD, P.J., and GARY M. GAERTNER, J., concur.