**Dannie Dean RICE, Jr.,**
**Movant–Appellant,**

v.

**STATE of Missouri, Respondent–**
**Respondent.**

No. 22250.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 23, 1999.

**557**

PHILLIP R. GARRISON, Chief Judge.

Dannie Dean Rice, Jr. ("Movant") was charged with the Class C felony of stealing in violation of section 570.030.[1] The information alleged that Movant "appropriated a 1980 red short bed [sic] Chevrolet pick up [sic] truck ... and [Movant] appropriated such property without the consent of [the owner] and with the purpose to deprive him thereof." Movant pled not guilty by reason of mental disease or defect. Thereafter, the State filed an amended information charging Movant with the Class C felony of tampering in the first degree in violation of section 569.080.1(2). The amended information alleged that he "knowingly and without the consent of the owner possessed an automobile." Movant pled guilty to the amended charge and was sentenced to seven years imprisonment in the Missouri Department of Corrections. At the guilty plea hearing, Movant admitted that the owner of the truck gave him permission to drive the truck to a store in Springfield, Missouri, and that he drove it to Flagstaff, Arizona, instead.

Movant filed a *pro se* motion pursuant to Rule 24.035 which was subsequently amended by appointed counsel. In his amended motion, Movant alleged, among other things, that his plea counsel was ineffective for 1) failing to explain the meaning and elements of the offense of tampering in the first degree, and 2) failing to thoroughly investigate and obtain all medical and psychological records of Movant to prepare for a defense of mental disease or defect.[2] He further alleged that such ineffectiveness rendered him unable to enter a knowing, intelligent, and voluntary plea of guilty. After an evidentiary hearing, the court denied Movant's motion. Movant appeals that denial.

Appellate review of the denial of a Rule 24.035 motion is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). Such findings and conclu-

Emmett D. Queener, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael P. Barry, Asst. Atty. Gen., Jefferson City, for Respondent.

1. All statutory references are to RSMo 1994, and all rule references are to Missouri Rules of Criminal Procedure (1998), unless otherwise stated.

2. Movant asserts that at the time of the alleged crime, he was not taking his medication for bipolar depression.

sions are deemed clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Id.* at 695–96. The motion court is not required to believe the testimony of a movant, and we must defer to the motion court's determination of credibility. *State v. Dunmore*, 822 S.W.2d 509, 512 (Mo.App. W.D. 1991).

A claim of ineffective assistance of counsel requires that a defendant show that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that the defendant was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 694–95, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984). Prejudice exists when there is a reasonable probability that, but for counsel's ineffectiveness, the result of the proceeding would have been different. *Id.* A court need not determine the performance component before examining for prejudice. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (citing *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069). If it is easier to dispose of the claim on the ground of lack of sufficient prejudice, the reviewing court is free to do so. *Id.* In a guilty plea case, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made. *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997). In order to show prejudice in a guilty plea case, a movant must prove that, but for the errors of counsel, he would not have pled guilty and would have demanded a trial. *Id.*

In his first point, Movant asserts that his plea was not entered knowingly and voluntarily because his plea counsel failed to ensure that he understood the elements of the crime for which he was charged. In his brief, he states:

> If [Movant] was unaware of the elements of the offense to which he pleaded guilty, he could not have been aware of the relevant circumstances, and his guilty plea would be unknowing and involuntary.

Specifically, Movant claims that his plea counsel informed him that "tampering" with regard to a vehicle is going beyond the point at which one is authorized to go. Subsequently, however, Movant claims to have learned that "tampering" means having the vehicle without the owner's consent or knowledge. Movant contends that had he known the "proper" definition of the word "tampering," he would not have pled guilty because, although he drove the truck further than he was given permission, he possessed the truck with the owner's consent and knowledge.

There is no requirement that counsel explain the technical elements of an offense, only that the defendant understand the nature of the charge against him. *Spradling v. State*, 865 S.W.2d 806, 811 (Mo.App. S.D.1993) (citing *Byrd v. State*, 726 S.W.2d 402, 404–05 (Mo.App. E.D.1987)). Furthermore, when an accused admits in open court facts that constitute the offense, he cannot thereafter withdraw his plea on the assertion that he did not understand the nature of the charge to which he pled guilty. *Id.*

At the guilty plea hearing, the following occurred:

> [Court]: All right. In the amended felony information, which is now filed, you're charged with the Class C felony of tampering in the first degree. It is alleged that on or about the 28th day of October of 1996, in Greene County, Missouri, you, knowingly and without the consent of an owner, possessed a 1980 red short-bed Chevrolet pickup truck. Do you understand what you're charged with?
>
> [Movant]: Yes, sir, I do.
>
> \* \* \*
>
> [Court]: If you— do you plead guilty because you, in fact, possessed that automobile without the consent of the owner?
>
> [Movant]: Technically, yes, because I did not go where I was supposed to go with the vehicle. So, technically, yes, I did.
>
> [Court]: Give me the technical details, then.
>
> [Movant]: I took the vehicle beyond a— the point that I was authorized to take it.
>
> [Court]: Where were you supposed to take it?

[Movant]: I was supposed to go down to the store and——

[Court]: Where was that, in Springfield?

* * *

And you went to Flagstaff [Arizona]?

[Movant]: Yes.

[Court]: Did you go any further than Flagstaff with it?

[Movant]: No, but that's far enough, probably.

At the evidentiary hearing, Movant's plea counsel testified to the following:

[Prosecuting Attorney]: [Movant's] concern was over the fact that he didn't believe he stole the truck, wasn't it?

[Movant's Plea Counsel]: Because his— what he said was that he had every intention to eventually return the truck to the owner.

* * *

[Prosecuting Attorney]: Did he appear to understand the charges against him?

[Movant's Plea Counsel]: Yes.

* * *

[Prosecuting Attorney]: Did he tell you why he believed he was guilty of tampering but not stealing?

[Movant's Plea Counsel]: Because he realized that he had driven the car—— to Arizona ... without the owner's permission versus driving it ... with no intention of ever giving it back to the owner.

 It is apparent from the record that Movant understood the nature of the charge against him. Additionally, the above statements made by Movant constitute an admission of the essential elements of the offense of tampering in the first degree. *See State v. McCoy,* 725 S.W.2d 913 (Mo.App. E.D.1987) (holding that evidence was sufficient to convict defendant of tampering in the first degree where defendant was given permission to drive the victim's car in a parking lot and defendant drove the car out of the parking lot and continued to drive it without authorization for several days thereafter). Movant cannot now withdraw his plea of guilty on the assertion that he did not understand the nature of the charge to which he pled guilty. Movant's first point is denied.

In his second point relied on, Movant complains that the motion court erred in denying his Rule 24.035 motion because he received ineffective assistance of counsel in that his plea counsel failed to sufficiently investigate the defense of mental disease or defect by not contacting his psychiatrist to determine his mental status at the time of the offense.

 As previously mentioned, Movant is required to show not only that his plea counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, *but that he was prejudiced thereby. Strickland v. Washington,* 466 U.S. at 694–95, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. To succeed on an ineffective assistance of counsel claim based on inadequate investigation, Movant must specifically describe the information that the attorney failed to discover, allege that a reasonable investigation would have resulted in the discovery of such information, and prove that the information would have aided or improved his position. *Yoakum v. State,* 849 S.W.2d 685, 688 (Mo. App. W.D.1993). Here, Movant fails to allege any facts about what would have occurred or would have been discovered if his plea counsel had obtained the medical records from his treating psychiatrist. Additionally, he fails to demonstrate that any such information would have aided him in his position. There is no indication that had his plea counsel obtained the medical records, his decision to plead guilty would have been any different. Accordingly, Movant fails to show any prejudice that he may have suffered due to the alleged ineffectiveness of his plea counsel. Movant's second point is denied.

Judgment is affirmed.

SHRUM, P.J., and BARNEY, J., concur.