Ricky L. HENDERSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 23082.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 21, 2000.

Jacqueline K. McGreevy, Louisiana, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT S. BARNEY, Chief Judge.

Appellant, Ricky L. Henderson, ("Movant") appeals the denial of his Rule 24.035 motion for post-conviction relief after an evidentiary hearing.[1] Movant sought to vacate the judgment and sentence of the Circuit Court of Jasper County, finding him guilty of statutory rape in the first degree, § 566.032, RSMo 1994, of his daughter aged 13, following his guilty plea made after opening statements at trial. He was sentenced to serve a term of eight years imprisonment. Movant raises two points of motion court error, discussed below. We affirm.

■ "Appellate review of a denial of a Rule 24.035 motion for post-conviction re-lief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Jenkins v. State*, 9 S.W.3d 705, 707 (Mo.App.1999); *see also* Rule 24.035(k). "Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made." *Id.* " 'The motion court is not required to believe the testimony of a movant, and we must defer to the motion court's determination of credibility.' " *Id.*(quoting *Rice v. State*, 988 S.W.2d 556, 558 (Mo.App.1999)). "Movant has the burden of proving the grounds asserted for post-conviction relief by a preponderance of the evidence." *Id.*

Movant's amended 24.035 motion alleged, *inter alia*, that his trial counsel was ineffective and that his guilty plea was not "voluntarily, intelligently, nor knowingly made" because Movant was never informed the victim "had informed [his trial counsel] and the prosecution that the statutory rape never occurred" and that "[a]lthough there were other witnesses who could have testified that the victim had denied being raped, trial counsel continued to urge and coerce [M]ovant to plead guilty...."[2]

■ Movant now asks us to remand the cause for a new trial on the basis on the basis of "newly discovered evidence." This "newly discovered evidence" consists of an undated affidavit of one John William Cain claiming that the victim had recanted her statement to him in December of 1998, and that he was "not put on the stand and able to testify to [Movant's] good moral character [at the 24.035 hearing] or any-

---

1. Rule references are to Missouri Court Rules (2000).

2. Movant's trial counsel testified at the motion hearing that Movant "had told me that [the victim] had recanted and that's why I called her [by telephone] ... well before [Movant] determined he was going to plead guilty." In its findings of facts and conclusions of law, the motion court clearly did not believe Movant's claims and found that Movant's trial counsel had "talked with the victim by telephone and she recanted her claim of rape" and that "[t]he Movant was aware the victim recanted prior to his plea." *See Royal v. State*, 868 S.W.2d 552, 555 (Mo.App. 1994)("The motion court is the arbiter as to credibility of witnesses").

thing else because [Movant's post-conviction attorney] said that he had enough evidence to overturn the sentencing." Movant's brief states that this affidavit was received "[o]n or after October 12, 1999," but also states "[t]he Affidavit came to be known to Appellant through counsel herein some eleven (11) months after the [February 6, 1998,] disposition of his case" which would, according to our calculations, have been January 1999. Movant asks this Court to remand the case for a new trial pursuant to our "inherent power to remand ... on the basis of newly discovered evidence to prevent a miscarriage of justice."

█ However, we are precluded from according Movant this form of relief. "Missouri's post-conviction relief rules are not a proper vehicle for the examination of claims of newly discovered evidence." *Wilson v. State*, 813 S.W.2d 833, 834 (Mo. banc 1991) (concerning a Rule 24.035 motion); *see also State v. Ferguson*, 20 S.W.3d 485, 505 (Mo. banc 2000) (a claim of newly discovered evidence "is not cognizable in a Rule 29.15 motion, even where properly pleaded and preserved"). Point One is denied.

█ In his very sketchy second point on appeal, Movant complains of ineffective assistance of his trial counsel. Movant contends that his counsel failed to advise him regarding "possible defenses" and failed to advise him of a "conflict of interest in representing him."

In his arguments under Point Two, Movant generally complains that his trial counsel did not discuss the "exculpatory impact" that the "complaining witnesses [sic] recent recantation would have had on the jury." He also complains that his trial counsel was "deficient in not advocating on behalf of the [Movant]" and generally not "preparing [him] for trial." Movant also complains of the "conflict of interest" arising from his trial counsel having represented his ex-wife relating to certain domestic relations proceedings. Hence,

Movant argues, these cumulative errors prejudiced Movant and forced him to plead guilty. These claims have no merit.

█ " 'A claim of ineffective assistance of counsel requires that a defendant show that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that the defendant was prejudiced thereby.' " *Jenkins*, 9 S.W.3d at 707 (quoting *Rice*, 988 S.W.2d at 558); *see Strickland v. Washington*, 466 U.S. 668, 694–95, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984).

> To prevail on a claim of ineffective assistance of counsel, the claimant must show by a preponderance of the evidence that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would have exhibited under similar circumstances and that the claimant was thereby prejudiced.

*Jenkins*, 9 S.W.3d at 707 (quoting *Bishop v. State*, 969 S.W.2d 366, 368 (Mo.App. 1998)). "To satisfy the 'prejudice' requirement, a prisoner who has pled guilty must demonstrate there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Id.* at 708. "Therefore, once a plea of guilty has been entered, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea." *Id.* "Absent an abuse of discretion, this Court defers to the trial court's determination as to whether a prisoner's guilty plea was voluntary." *Id.*

As previously set out, the motion court found that Movant's trial counsel had, in fact, discussed the victim's recantation of testimony with Movant prior to trial. His trial counsel stated he discussed the recantation with Movant "well before [Movant] determined he was going to plead guilty."

Movant's trial counsel also testified that he talked with Movant about the case "[m]any times, yes," and that "[w]e discussed the evidence." Trial counsel testi-

fied at the motion hearing that he conducted an investigation into the allegations and had "many office visits," and that "[f]orty-five minutes would not be an unusual amount of time for me to spend with a client." He related that he "disclosed to him everything that I got in discovery, which were police reports and medical stuff." He also related that he discussed with Movant two, separate, pre-trial plea offers involving ten years then five years. Trial counsel also testified that "I wrote him letters about all the plea discussions, plea deals, plea offers," and acknowledged discussing the "implications of a plea of guilty...." Trial counsel testified that all these pre-trial plea offers were turned down by Movant.

Movant's trial counsel also stated that on the day of trial he asked the prosecutor if there was "any possibility of deals or was the three-year deal off. The three-year deal was off and the offer was ten years at that time.... I brought that up, told [Movant] about it, so we proceeded with voir dire." Trial counsel testified that:

> [A]fter opening [Movant] took my sleeve, I suppose, or got my attention somehow and ... said that he wanted to plead because they had offered an eight year cap, somewhere in there they'd offered an eight year cap. So he took an eight year cap after opening statements.

Furthermore, with regard to allegations of conflict of interest, trial counsel testified that in his "initial meetings" with Movant that he made Movant aware that he had previously represented his ex-wife in proceedings. Trial counsel related that Movant "said he couldn't afford Scott Watson, would I be interested, so." Trial counsel testified:

> [I]t was absolutely known to [Movant] who I was, who I represented, prior to the time he ever came to see me in the case, prior to the time he signed a contract. He knew I represented his wife, he knew I'd represented his wife in two cases and that was known. Nothing was concealed from him regarding that whatsoever.

Based on the foregoing, the motion court concluded that trial counsel had not concealed his relationship with Movant's ex-wife. The motion court also concluded that it did "not accept Movant's version of the information related to him by trial counsel" and that trial counsel was "zealous in his representation" and that Movant's "plea was intelligently and voluntarily made" and hence there was "no deprivation of any constitutional right." "The motion court is not required to believe the testimony of a movant, and we must defer to the motion court's determination of credibility." *Rice*, 988 S.W.2d at 558.

■ In our review of the record, we are not convinced that Movant met his burden of showing that his trial counsel had been ineffective. "Movant has the burden of proving the grounds asserted for post-conviction relief by a preponderance of the evidence." *Jenkins*, 9 S.W.3d at 707. "Absent a showing to the contrary, counsel is presumed to have provided effective assistance." *State v. Wright*, 941 S.W.2d 877, 883 (Mo.App.1997). Furthermore, it is clear that Movant's alleged conflict of interest is premised upon speculation and conjecture. Movant has not demonstrated that an actual conflict of interest existed, nor do we believe that any such conflict led his counsel to do anything detrimental to Movant's interests. *See Smith v. State*, 972 S.W.2d 551, 556 (Mo.App.1998); *see also Amrine*, 785 S.W.2d at 535. Point denied.

The judgment of the motion court is affirmed.

CROW and GARRISON, JJ., concur.