Nelson PRICE, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 25878.

Missouri Court of Appeals, Southern District, Division Two.

June 30, 2004.

Amy M. Bartholow, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Lisa M. Eaton, Office of Attorney General, Jefferson City, MO, for respondent.

KENNETH W. SHRUM, Judge.

Nelson Price ("Movant") appeals the denial of his Rule 24.035 motion for post-conviction relief.[1] Initially, Movant pled guilty to assault in the second degree (§ 565.060) pursuant to a plea agreement and was sentenced to a five-year term in the department of corrections.[2]

1. All rule references are to Supreme Court Rules (2003), unless otherwise stated.

2. All statutory references are to RSMo (2000), unless indicated differently. Here, Movant

Once incarcerated, Movant filed a timely Rule 24.035 motion in which he alleged that his constitutionally guaranteed right to due process was violated "in that the [criminal court] accepted movant's plea of guilty for ... second degree assault without an adequate factual basis having been demonstrated for that offense as required by Rule 24.02(e)." After Movant waived an evidentiary hearing, the motion court found Movant's guilty plea "was made freely, voluntarily, intelligently and with a sufficient factual basis." Based on that finding, the court denied Movant's motion for post-conviction relief. This appeal followed. We affirm.

The standard of review in a Rule 24.035 appeal is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Holloway v. State*, 989 S.W.2d 216, 219[1] (Mo.App.1999), *overruled on other grounds by State v. Withrow*, 8 S.W.3d 75 (Mo.banc 1999). Such findings and conclusions are clearly erroneous if, after a review of the entire record, an appellate court is left with the definite and firm impression that a mistake has been made. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo.banc 1991). Moreover, "[o]ur inquiry here, as in all Rule 24.035 motions, is whether the record warrants the conclusion that the defendant knowingly, voluntarily and intelligently entered his guilty plea." *Holloway*, 989 S.W.2d at 220[11].

The information in the criminal case charged that Movant had "recklessly caused serious physical injury to Rebekkah J. Green [Victim]" by driving a vehicle in excess of the speed limit outside of his driving lane "resulting in a collision with the motor vehicle operated by [Victim]."

Eventually, the State and Movant agreed that he would plead guilty to one count of second-degree assault with a maximum sentence of five years. Per the plea agreement, the State dismissed other pending charges (related and unrelated) against Movant.

As part of the guilty plea procedure, Movant signed and filed a "Petition to Enter Plea of Guilty." In this sworn document, Movant told the court, *inter alia,* that he had received and read a copy of the information, he had discussed the information with his lawyer, and his lawyer had explained every charge to him. The petition also recited that Movant informed his lawyer of "all the facts and circumstances known to me about the charges made against me in the information[ ]" and he [Movant] believed that his lawyer was "fully informed on all such matters."

When asked in writing to "[s]tate facts, that is, what you did to cause your arrest and the charge to be filed," Movant wrote: "I recklessly caused serious physical injury to [Victim] by operating a motor vehicle in excess of [the] posted limit and outside the proper lane." Moreover, when asked at his guilty plea hearing to explain verbally what caused him to be charged with second-degree assault, Movant answered: "I was recklessly driving a vehicle at too fast a speed and crossed the line. Oh. And caused physical injury to [Victim]."

These "descriptions" of the crime underlie Movant's Rule 24.035 allegations of entitlement to post-conviction relief. Focusing exclusively on these descriptions, Movant alleged that a factual basis for his plea of guilty to second-degree assault was not in the record as mandated by Rule 24.02(e). Specifically, he claimed that the

pleaded guilty to assault in the second degree defined as recklessly causing serious physical

injury to another person. § 565.060.1(3).

facts provided at the guilty plea hearing only showed "that *physical injury* had occurred, not *serious physical injury*." Additionally, he alleged that his admission that he "[drove] a motor vehicle at too fast a speed and crossed the line[ ]" was not sufficient to establish he acted recklessly. Continuing, Movant asserted that his "plea was not knowing and voluntary" and he was deprived of due process when the guilty plea court violated Rule 24.02(e) by accepting "his plea where no factual basis had been shown."

In ruling on Movant's "lack of factual basis" allegation adversely to him, the motion court declared:

"Court finds that there was a sufficient factual basis for the trial court to accept [Movant's] plea of guilty. A review of Exhibit A [written plea agreement] indicates that [Movant] admitted to recklessly causing serious physical injury to the victim by operating a motor vehicle in excess of the posted limit and outside the proper lane.

. . . .

"Although this Court would prefer more specific facts, this Court finds that counsel for [Movant] had reviewed the factual allegations with [Movant] before Judge LePage accepted the plea. Specifically, attorney Ong had not only read the information to [Movant], but also had fully explained to [Movant] the allegations contained in the information. Accordingly, this Court finds [Movant's] plea of guilty was made freely, voluntarily, intelligently and with a sufficient factual basis. Movant's motion to vacate, set aside or correct the sentence of the Court is denied."

■ On appeal, Movant's first point relied on maintains the motion court clearly erred in this finding and in refusing to set aside his guilty plea. Movant insists that the violation of Rule 24.02(e) compels reversal and remand. In effect, Movant reprises on appeal all the "factual basis" claims found in his Rule 24.035 motion. Rule 24.02(e) (which Movant complains was violated) provides that "[t]he court *shall not enter a judgment* upon a plea of guilty *unless it determines that there is a factual basis* for the plea." (Emphasis supplied.)

■ Preliminarily, we note that Rule 24.02 is patterned after FED.R.CRIM.P. 11. *Simpson v. State*, 779 S.W.2d 766, 767 (Mo.App.1989); *Sales v. State*, 700 S.W.2d 131, 133 (Mo.App.1985). Because Missouri's procedural rules governing guilty pleas are nearly identical to FED.R.CRIM.P. 11, federal precedents are strong, persuasive authority when applying Missouri's rules. *Huffman v. State*, 703 S.W.2d 566, 568 (Mo.App.1986); *see also Joel Bianco Kawasaki Plus v. Meramec Valley Bank*, 81 S.W.3d 528, 533 (Mo.banc 2002); *In re Murphy & Co., Inc.*, 59 S.W.3d 39, 43[2] (Mo.App.2001).[3]

■ We also note that Rule 24.02(e) is not constitutionally based; rather, its purpose is to *aid* in the constitutionally required *determination* that a defendant enter his or her plea of guilty intelligently and voluntarily. *Schuerenberg v. State*, 98 S.W.3d 922, 923–24 (Mo.App.2003); *Sales*, 700 S.W.2d at 133. More specifically, Rule 24.02(e) and its counterpart (FED.R.CRIM.P. 11(b)(3)) are designed to protect an accused who may appear to be pleading voluntarily and with an understanding of the nature of the charge, but who does so

---

**3.** FED.R.CRIM.P. 11(b)(3) provides that "[b]efore entering a judgment on a guilty plea, the court must determine that there is a factual basis for the plea." As noted previously, Rule 24.02(e) states "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea."

without realizing that his conduct does not actually fall within the charge. *McCarthy v. United States,* 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969) (*superseded* on other grounds by rule amendment); FED.R.CRIM.P. 11, advisory committee's notes (1966). The need for this protection is why courts are required to reject the guilty plea "[i]f the facts do not establish the offense." *Holloway,* 989 S.W.2d at 219[4].

Here, the plea court had before it a collection of facts that far exceeded the threshold requirement of Rule 24.02(e) for entering judgment on a plea of guilty to second-degree assault. For instance, Movant's admission that he caused "serious physical injury" given at the guilty plea hearing was not the only factual basis before the plea court when a judgment was entered against Movant. After Movant pleaded guilty, the court scheduled his sentencing for a later date. At the sentencing hearing (fifty-six days after the guilty plea hearing), the victim gave an impact statement to the trial judge. This occurred in open court and on the record. The victim began by saying, "[i]t wasn't just a little accident that night," and her family was initially told that she would probably "not live through the night." She then listed her injuries as a broken arm ("my bone was sticking through my arm"), a skull fracture, a broken pelvis, collapsed lungs, the fact that her spleen had to be removed, and she had chest tubes in both sides. She further described other terrible after-effects of the collision: (1) the accident changed her entire life, including her relationship with her son and husband; (2) she had to have 24–hour care; (3) she had to have help going to the restroom or taking a shower; and (4) she had to re-learn many basic skills. She also said that because of her injuries, her son "didn't even know [her]." This victim impact statement established the *serious physical injury* element required to support second-degree assault.

The fact that the victim's description came during the sentencing hearing is of no consequence. Once again, we feel it is necessary to quote Rule 24.02(e): "The court *shall not enter a judgment* upon a plea of guilty unless it determines that there is a factual basis for the plea." (Emphasis supplied.) Nothing in the rule requires that a factual basis be established *before* a guilty plea is accepted, as Movant contends. Unlike 24.02(b) and (c) (which require a court to address the defendant personally in open court), a sentencing court's subjective determination regarding a factual basis can be made anytime before the judgment is entered and "from anything that appears *on the record.*" *United States v. Fountain,* 777 F.2d 351, 356 (7th Cir.1985); *see also Rios v. State,* 848 S.W.2d 638, 640 (Mo.App.1993). The only requirement is that "[t]he factual basis, whatever its source, ... appear clearly on the record," *United States v. Adams,* 961 F.2d 505, 512 (5th Cir.1992) (quoting *Sassoon v. United States,* 561 F.2d 1154, 1159 (5th Cir.1977)), and this appearance must come before a judgment is entered on the guilty plea.[4] Rule 24.02(e).

Here, Victim's description of her injuries met the criteria of Rule 24.02(e), i.e., the

---

**4.** *See also United States v. Smith,* 160 F.3d 117, 121 (2nd Cir.1998); *United States v. Tunning,* 69 F.3d 107, 112 (6th Cir.1995); *United States v. DeFusco,* 949 F.2d 114, 120 (4th Cir.1991); *United States v. Keiswetter,* 860 F.2d 992, 996 (10th Cir.1988); *Paulson v. Black,* 728 F.2d 1164, 1167 (8th Cir.1984); and FED.R.CRIM.P. 11(f), advisory committee's

note (1966). The ideal method to establish a factual basis would be via a colloquy between the court and the defendant, *Tunning,* 69 F.3d at 112, but this is not the only means for the *court* to *ensure* a factual basis exists. *DeFusco,* 949 F.2d at 120. When the trial judge does not rely upon a colloquy with the defendant to establish a factual basis, then for

description was placed on the record and given to the sentencing court before judgment was entered. The description thus presented to the guilty plea court amply established the "serious physical injury" element of the crime, as the motion court found. Movant's first point is denied.

We also hold that a sufficient factual basis was put on the record, before a judgment was entered, regarding the "reckless" element. This occurred via (1) Movant's admission that he "recklessly caused serious physical injury to [Victim] by operating a motor vehicle in excess of [the] posted limit and outside the proper lane," (2) the victim's statement at the sentencing hearing, and (3) Movant's admission that he gave his lawyer all the facts and information about the crime charged and his lawyer explained the charge to him. There is no requirement that the technical elements of an offense be explained to an accused, only that he understand the nature of the charge against him. *Rice v. State*, 988 S.W.2d 556, 558[6] (Mo.App.1999). It is abundantly clear that Movant understood the second-degree assault charge, that he had discussed it fully with his attorney, and that he understood the facts of the case, including the reckless element. Considering the state of this record, Movant's claim that he did not understand that driving on the wrong side of the road while speeding could be a factual basis for acting recklessly as defined in section 562.016.4 is an argument that borders on being frivolous.[5]

This is especially true, when as here, Movant's statement constitutes an admission of the essential elements of the offense of second-degree assault. *Id.* at 558[7]. Point II is denied.

In sum, after careful review of the record this court is not left with a definite and firm impression that the motion court made a mistake at any juncture of this case, i.e., in its findings of fact, conclusions of law, refusal to set aside Movant's guilty plea, refusal to remand for an evidentiary hearing, or the dismissal of Movant's motion. Accordingly, we affirm the judgment and order of the motion court.[6]

RAHMEYER, C.J.-P.J., and BATES, J., concur.

---

purposes of appellate review, the best practice would be for the judge to point out exactly what he or she relies upon in making the factual basis determination. *See Adams*, 961 F.2d at 512–13.

**5.** Section 562.016.4 provides that "[a] person 'acts recklessly' or is reckless when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of

care which a reasonable person would exercise in the situation."

**6.** We would be remiss if we failed to mention the fact that Movant has also entirely failed to demonstrate any sort of prejudice by the alleged lack of a factual basis. *See United States v. Timmreck*, 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979); *Schuerenberg*, 98 S.W.3d at 923–24; *Sales*, 700 S.W.2d at 133.