**David Gregory ORR, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 26719.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 30, 2005.

---

Margaret M. Johnston, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Judge.

David Gregory Orr ("Movant") was sentenced to concurrent sentences of twenty years and ten years after pleading guilty to first degree assault with serious physical injury, Section 565.050, and armed criminal action, Section 571.015.[1] Movant filed a pro se motion to vacate, set aside or correct the judgment and sentence pursuant to Rule 24.035, and thereafter appointed counsel filed an amended motion alleging, *inter alia,* that the trial court violated Rule 24.02(e) by not determining that a factual basis existed for the guilty plea as to first degree assault. Relief was denied by the motion court after an evidentiary hearing. This appeal followed.

Appellate review of a denial of a Rule 24.035 motion is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Price v. State,* 137 S.W.3d 538, 540 (Mo.App. S.D.2004). The motion court's findings of fact and conclusions of law are clearly erroneous if, after a review of the entire record, this court is left with a definite and firm impression that a mistake has been made. *Id.* In making its review, the court focuses on whether the plea was made knowingly, voluntarily, and intelligently. *Id.*

In his sole point on appeal, Movant contends that the motion court erred in denying his Rule 24.035 motion because, contrary to Rule 24.02(e), the trial court entered judgment on his plea of guilty to the charge of assault in the first degree without a factual basis for the element of serious physical injury having been demonstrated. We disagree and affirm the judgment.

Rule 24.02(e) provides that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." "Rule 24.02(e) is not constitutionally based; rather, its purpose is to *aid* in the constitutionally required *determination* that a defendant enter his or her plea of guilty intelligently and voluntarily." *Price,* 137 S.W.3d at 541. The Rule is designed to protect an accused who may appear to be pleading voluntarily and with an understanding of the nature of the charge, but who does so without realizing that his conduct does not actually fall within the charge. *Id.* at 541–542. The need for this protection requires courts to reject a guilty plea if the facts do not establish the offense. *Id.* at 542. Whatever its source,

1. All references to statutes are to RSMo (2000), and all references to rules are to Mis-souri Rules of Criminal Procedure (2004), unless otherwise indicated.

the factual basis must appear clearly on the record. *Id.*

■ "A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." Section 565.050.1. The offense is elevated to a class A felony when serious physical injury is inflicted on the victim. Section 565.050.2. Serious physical injury is defined as "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." Section 565.002(6).

Movant was charged with knowingly causing serious physical injury to Gary Putnam ("Putnam") by stabbing him repeatedly. He argues on this appeal that there was no evidence that the injuries suffered by Putnam "created a substantial risk of death or a protracted loss or impairment of the function of any part of his body." The record, however, belies this contention.

At the plea hearing, Movant stated that he had ample time to discuss the charges and the punishment that could be assessed on each count with his attorney and that he wanted the court to accept his plea. At the request of the plea court, the prosecutor outlined the facts as follows:

> Judge, as to the charge of assault in the first degree, [Movant], on that day, January 19, 2001, stabbed [Putnam] in the chest at his home in Dexter, Missouri resulting in serious physical injury to [Putnam] and requiring his hospitalization and did so with a knife in stabbing him.
>
> As to count—as to the charge of armed criminal action, Judge, of course, first of all, we have realleged all the

allegations in the charge of assault in the first degree consisting of [Movant] stabbing [Putnam] in his home on January 19th, 2001. The stabbing resulted in serious physical injury requiring the hospitalization of [Putnam].

> In addition, Your Honor, [Movant] committed the crime of assault in the first degree by stabbing [Putnam] by, through and with the use of a dangerous instrument, the dangerous instrument, of course, being the knife with which he stabbed [Putnam].

Movant confirmed to the plea court that the facts outlined by the State were true.

At the sentencing hearing, the court was presented with a presentence investigation that included a victim's impact statement that stated:

> ... [Putnam] was stabbed at least six times in the chest, stomach, head and back areas. He was also shot at. [Putnam] stated that he still suffers physically from arthritis in his shoulder from one of the stab wounds. He also has nerve damage in his chest from another stab wound. He was in the hospital approximately five days and suffered a punctured lung. At the time of the assault on [Putnam] he was recovering from colon cancer and was very weak.... Psychologically, [Putnam] stated that he does not feel secure in his home anymore. He suffers from nightmares about the attack as well.

There was also testimony presented at the sentencing hearing that Putnam had scarring, had been through a lot of pain, had arthritis in his shoulder where he was stabbed in the back, he was stabbed in the lungs, and had to move from his home because of what occurred there.[2]

---

**2.** Movant, relying on *Price,* 137 S.W.3d at 542, states in his brief that he "does not challenge the motion court's use of evidence presented at sentencing in reaching its deter-

The record before the plea court was clearly sufficient to establish a factual basis that the injuries inflicted on Putnam created a substantial risk of death or caused serious disfigurement or protracted loss or impairment of the function of parts of his body. The consequences of these injuries were magnified in this case because Putnam was in a weakened condition because he was recovering from colon cancer. It defies logic to suggest that stabbing someone multiple times in various areas of the body, including a wound to the lungs, would cause anything less than serious physical injuries. *See Johnson v. State,* 115 S.W.3d 422, 425–26 (Mo.App. W.D.2003). As stated by the court there, the "facts spoke for themselves." *Id.* at 426.

We also note that the injuries described in this case are of the type found to constitute serious physical injury in other cases. *See State v. Daniel,* 103 S.W.3d 822, 827–28 (Mo.App. W.D.2003) (broken jaw requiring hospitalization for five days and wiring of jaw for three weeks); *State v. Carpenter,* 72 S.W.3d 281, 283–84 (Mo.App. S.D.2002) (cut running length of victim's face); *State v. Bruce,* 53 S.W.3d 195, 200 (Mo.App. W.D.2001) (four cuts on victim's hand resulting in nerve damage); *State v. Lanier,* 985 S.W.2d 377, 379–80 (Mo.App. E.D.1999) (arthritis in leg resulting from gunshot wound) *overruled on other grounds, State v. Driver,* 912 S.W.2d 52, 55 (Mo. banc 1995); *State v. Pendleton,* 860 S.W.2d 807, 811–12 (Mo.App. E.D. 1993) (gunshot wound to chest); *State v. Baker,* 859 S.W.2d 805, 812–13 (Mo.App. E.D.1993) (stiffness in shoulder following gunshot wound); *State v. Pettis,* 748 S.W.2d 793, 794 (Mo.App. E.D.1988) (four inch permanent scar); *State v. Briggs,* 740 S.W.2d 399, 401 (Mo.App. E.D.1987) (cracked rib resulting in missing work for

mination that there was 'serious physical inju-

twenty days); *State v. Williams,* 740 S.W.2d 244, 246 (Mo.App. E.D.1987) (five inch cut and two inch cut, both from a knife).

The motion court's findings of fact and conclusions of law were not clearly erroneous. We are not left with a definite and firm impression that a mistake has been made. The judgment of the motion court denying Movant's request for post-conviction relief is affirmed.

BATES, C.J., and SHRUM, P.J., concur.