**Willie STEVENSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 59877.**

Missouri Court of Appeals,
Western District.

Feb. 19, 2002.

John M. Schilmoeller, Asst. Public Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Nicole E. Gorovsky, Asst. Atty. Gen., Jefferson City, for Respondent.

Before HAROLD L. LOWENSTEIN, P.J., THOMAS H. NEWTON and RONALD R. HOLLIGER, JJ.

THOMAS H. NEWTON, Judge.

Willie Stevenson appeals from the denial of his Rule 29.15[1] motion for post-conviction relief. Mr. Stevenson was found guilty, after a jury trial, of assault in the first degree (§ 565.050[2]) and armed criminal action (§ 571.015). Mr. Stevenson was sentenced as a prior and persistent offender to fifteen years imprisonment on each count, with the sentences to run concurrently.

Mr. Stevenson filed a pro se Rule 29.15 motion for post-conviction relief and a request for a hearing. Legal counsel was appointed for him and an amended motion for post-conviction relief was filed. The motion court denied Mr. Stevenson's motion for post-conviction relief without an evidentiary hearing. The court's order stated, in its entirety, as follows:

NOW ON THIS 25th day of September, 2000 upon consideration of Defendant's Motion to Vacate, Set Aside or Correct Judgment and Sentence and Request for Evidentiary Hearing, being duly and fully advised in the premises, and for good cause shown; the Court hereby DENIES said motion.

Mr. Stevenson now appeals from this order, claiming that the motion court failed to make findings of fact and conclusions of law in violation of Rule 29.15(j). Rule 29.15(j) states that, when issuing an order on a Rule 29.15 motion for post-conviction relief "[t]he court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held."

In *White v. State*, the Supreme Court of Missouri reiterated the longstanding principle that a failure of the motion court to follow this requirement may constitute reversible error. 939 S.W.2d 887, 903 (Mo. banc 1997). Following the Supreme Court's guidance, numerous appellate courts have issued remands to the motion court after holding that the court failed to make sufficient findings of fact and conclusions of law. *See State v. Burks*, 952 S.W.2d 319, 320 (Mo.App. E.D.1997); *State v. Deprow*, 937 S.W.2d 748, 751 (Mo.App.

---

1. All rule references are to Missouri Rules of Civil Procedure (2001) unless otherwise indicated.

2. All statutory references are to RSMo 2000 unless otherwise indicated.

S.D.1997); *State v. Rouse*, 866 S.W.2d 179, 180 (Mo.App. W.D.1993).

In the case at hand, the State does not dispute Mr. Stevenson's argument on appeal. Its brief states that "Respondent concedes that the motion court's findings and conclusions were not sufficient to provide meaningful appellate review. Therefore, Respondent asks this Court to remand the cause to the motion court so it may determine whether an evidentiary hearing is necessary and issue findings and conclusions pursuant to Rule 29.15." Accordingly, it is our opinion, after reviewing the motion court's order denying Mr. Stevenson's motion for post-conviction relief, that this matter must be remanded to the motion court to determine if an evidentiary hearing should be held and to make detailed findings of fact and conclusions of law in accordance with Rule 29.15(j).

This case is remanded for further proceedings not inconsistent with this opinion.

HAROLD L. LOWENSTEIN, P.J. and RONALD R. HOLLIGER, J. concur.