George FOGLE, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 25705.

Missouri Court of Appeals, Southern District, Division One.

Jan. 22, 2004.

Ellen H. Flottman, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Patrick T. Morgan, Assistant Attorney General, Jefferson City, MO, for Respondent.

JAMES K. PREWITT, Judge.

George Fogle ("Movant") was charged by information with the class C felonies of stealing by deceit, in violation of § 570.030, RSMo 2000, and forgery, in violation of § 570.090, RSMo 2000. Pursuant to a plea agreement filed on October 9, 2001, Movant agreed to plead guilty to stealing by deceit in exchange for a recommendation of seven years' imprisonment on that count and a dismissal of the forgery count. The trial court accepted Movant's guilty plea and sentenced him to seven years' imprisonment, to run concurrent "with other sentences being served by [Movant]."

On December 21, 2001, Movant filed a *pro se* Rule 24.035 motion. Counsel was appointed and an amended motion filed on May 21, 2002. Among the allegations in the amended motion was that Movant received ineffective assistance of counsel and that his "guilty plea was rendered involuntarily, unknowing, and unintelligent because [M]ovant's attorneys misadvised him that a seven year sentence running concurrent with his existing sentences would not hurt him."

On May 20, 2003, the motion court entered an order granting the State's motion to dismiss without an evidentiary hearing. This appeal followed.[1]

 With one point relied on, Movant contends that the motion court clearly erred in denying his Rule 24.035 motion without granting an evidentiary hearing on the claim that he received ineffective assistance of counsel rendering his guilty plea involuntary, unknowing, and unintelligent because his attorneys misadvised him that receiving a seven-year sentence that would run concurrent with his existing sentences

---

1. On July 7, 2003, this Court issued an order allowing Movant to file his notice of appeal out of time.

would not hurt him. According to Movant, he was prejudiced because without the "misadvice," he would have chosen to proceed to trial rather than plead guilty.

Appellate review of a motion court's denial of post-conviction relief is limited to determining whether the facts and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Hao v. State,* 67 S.W.3d 661, 663 (Mo.App.2002). The findings and conclusions are clearly erroneous only if a review of the record leaves this Court with a definite and firm impression that a mistake has been made. *Hao,* 67 S.W.3d at 663.

■ To be entitled to an evidentiary hearing, the post-conviction motion must: (1) allege facts, rather than conclusions, warranting relief; (2) show that factual allegations contained in the motion are not refuted by the record; and (3) show that the allegations resulted in prejudice. *Savage v. State,* 114 S.W.3d 455, 457 (Mo.App. 2003). If the files and the records conclusively show that Movant is not entitled to relief, then a hearing shall not be held. *Id.;* Rule 24.035(h).

To prevail on a claim of ineffective assistance of counsel, Movant must show that his counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and that Movant was prejudiced thereby. *Savage,* 114 S.W.3d at 457. To establish prejudice, Movant must show that a reasonable probability existed that, but for counsel's error, Movant would have elected to proceed to trial rather than enter a guilty plea. *Beal v. State,* 51 S.W.3d 109, 111 (Mo.App.2001).

Within the motion court's order granting the State's motion to dismiss without an evidentiary hearing, the court characterized Movant's claim as a failure of Movant's counsel to advise Movant of the 80% service requirement. The court indicated that Movant was allegedly assured that the seven-year sentence running concurrently with his existing sentences would not hurt Movant, and that Movant "was not informed that he would have to serve 80% of the new sentence and his conditional release date would be extended by two years." The motion court concluded that counsel was "only obligated to inform [Movant] of the direct consequences of a guilty plea and has no duty to inform [Movant] of collateral consequences of the plea, including the time within which [Movant] would be eligible for parole." (citations omitted).

■ The motion court was correct that a defendant must be informed of all direct consequences of a guilty plea. *Reynolds v. State,* 994 S.W.2d 944, 946 (Mo.banc 1999). The motion court also correctly stated that, although it is necessary to inform a defendant of all direct consequences of a guilty plea, trial counsel is not required to inform a defendant of collateral consequences of a guilty plea. *Id.* Lastly, information regarding eligibility of parole is considered a collateral consequence. *Martin v. State,* 78 S.W.3d 197, 199 (Mo.App.2002).

Here, however, we do not have a situation where Movant's trial counsel allegedly failed to inform him of the effect of the sentence on his parole eligibility. Rather, the allegation was that counsel misinformed Movant about the consequences of the seven-year sentence running concurrently with Movant's existing sentences, with counsel allegedly telling Movant that the circumstances of the new sentence running concurrently with existing ones would not hurt Movant.

■ The State agrees that a situation involving misinformation rather than a lack of information is treated differently. Where counsel misinforms a client regarding a particular consequence and the client

relies on that misrepresentation in deciding whether to plead guilty, the distinction between direct and collateral consequences of the guilty plea is unimportant. *Beal,* 51 S.W.3d at 112. If counsel affirmatively misrepresents a collateral consequence of pleading guilty, that misrepresentation may result in an ineffective assistance of counsel. *Id.*

The State acknowledges that within his post-conviction motion Movant alleged facts that would entitle him to relief, including that counsel misinformed him about the effect on parole eligibility, and that his conditional release date changed from November 14, 2005 to sometime in 2007. The State also acknowledges that nothing in the record refutes the factual allegations contained in the motion.

Therefore, the State concedes that Movant is entitled to an evidentiary hearing and we agree. An evidentiary hearing is necessary to determine whether Movant's belief of counsel's misstatements was reasonable and prejudicial. *Id.* at 113.

We reverse and remand for an evidentiary hearing on Movant's claim that his trial counsel rendered ineffective assistance of counsel by affirmatively representing that the seven-year sentence running concurrent with his existing sentences would not hurt Movant in terms of parole eligibility.

BARNEY, P.J., and GARRISON, J., concur.