Andrew C. MABERRY, Movant-Appellant,

v.

STATE of Missouri, Respondent-Respondent.

No. 25804.

Missouri Court of Appeals, Southern District, Division One.

June 30, 2004.

---

Nancy A. McKerrow, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Mazza Follett, Assistant Attorney General, Jefferson City, MO, for respondent.

PHILLIP R. GARRISON, Judge.

Appellant Andrew C. Maberry ("Movant") appeals from the motion court's denial of his amended motion to vacate, set aside, or correct sentence and judgment brought pursuant to Rule 24.035.[1] Movant alleges his guilty plea was involuntary because of his counsel's failure to file a motion to suppress. We affirm the motion court's ruling.

A review of the facts in the underlying criminal case reveals that on April 22, 2001, Trooper Russell Fillipi ("Fillipi") of the Missouri State Highway Patrol was engaged in a roadside conversation with a motorist when he observed a white Ford Escort ("the Escort") drive past. According to Fillipi, the Escort was producing a large amount of smoke from "some type of mechanical problem" and did not have a license plate. Fillipi immediately stopped his conversation with the other motorist and returned to his patrol car, intending to stop the Escort. Having temporarily lost sight of the Escort, Fillipi asked a group of witnesses and was able to locate the Escort in a driveway. When he saw the Escort it was parked with the engine off and Movant was getting out of the driver's side door. Fillipi testified that Movant appeared to be the same man he had seen driving the Escort only moments before. Fillipi asked to see Movant's identification, but Movant refused. Movant initially told Fillipi that he had not been driving, but later admitted that he had been driving the car. According to Fillipi, "it was obvious to [him] that [Movant] was greatly intoxicated." Movant was unable to stand under his own volition, had glassy bloodshot eyes, smelled of intoxicants, and had the car keys in his pocket. After failing

---

1. All rule references are to Missouri Rules of Criminal Procedure (2003) unless otherwise indicated.

three field sobriety tests, Movant was arrested and transported to the Hickory County jail, where a BAC revealed that he had a blood alcohol level of .270 percent.

On November 9, 2001, Movant pled guilty to one count of the class D felony of driving while intoxicated, a violation of Section 577.010.[2] He entered a "Plea Bargain Stipulation" which indicated that the State would not charge Movant as a prior and persistent offender in exchange for the prosecutor's recommendation of a sentence of "not more than five years" imprisonment. The trial court advised Movant of the possible range of punishment, his loss of rights as a result of the guilty plea, and his rights to counsel, cross-examination, and witnesses. The State then recited the facts which constituted the factual basis for the plea and Movant substantially agreed to the facts as set out by the State. After the terms of the plea agreement were read into the record, Movant informed the court that he understood the agreement and accepted all of its terms. Movant indicated that he was satisfied with his representation and had discussed the plea bargain with his counsel. Thereafter, he pled guilty and sentencing was set for a later date.

At sentencing, Movant made an oral request to withdraw his previous plea of guilty on the basis that he "didn't really understand that [he] was actually pleading guilty." According to Movant, he felt that his previous court appearance "was a tactic to buy me, you know, to postpone till a later date. That's all I thought." Upon further examination by the trial court, Movant admitted that he did not feel he had received ineffective assistance of counsel. The trial court denied Movant's motion to withdraw his plea and thereafter his sentence was pronounced.

Movant then filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035. Appointed counsel later filed an amended motion. In its findings of fact and conclusions of law denying Movant relief, the motion court found:

> In the present case movant was given ample opportunity to express dissatisfaction with his attorney. During both the plea of guilty and at the sentencing hearing movant was asked whether he was satisfied with his attorney's services and whether his attorney had done all he had asked him to do. Both times the defendant answered in the affirmative.
>
> . . . .
>
> After careful review of this case and comparison of the facts to *Summers v. State*, 934 S.W.2d 563 (Mo.App.S.D. 1996), I find that movant has failed to meet his burden of proof.

■ Appellate review of a motion court's ruling on a motion for post-conviction relief is limited to a determination of whether the court's findings of fact and conclusions of law issued in support thereof are clearly erroneous. Rule 24.035(k); *Wofford v. State*, 73 S.W.3d 725, 727 (Mo. App. W.D.2002). The findings of the motion court are presumptively valid. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). Thus, the clearly erroneous standard is satisfied only if a review of the entire record leaves the reviewing court "with the definite impression that a mistake has been made." *Hall v. State*, 16 S.W.3d 582, 585 (Mo. banc 2000) (quoting *State v. Clay*, 975 S.W.2d 121, 140 (Mo. banc 1998)).

In his sole point on appeal, Movant alleges the motion court erred in denying his Rule 24.035 motion because Movant's counsel was ineffective in failing "to file a motion to suppress Appellant's statement

---

**2.** References to statutes are to RSMo (2000) unless otherwise indicated.

to Fillipi that he had been driving the white Escort because that statement should have been suppressed as Fillipi had no probable cause to arrest Appellant for driving while intoxicated since he had not seen Appellant driving or operating the vehicle." [3]

In order to succeed on an ineffective assistance claim, Movant must show: "(1) that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney, and (2) that he was prejudiced in that a different outcome would have resulted but for trial counsel's errors." *Norville v. State*, 83 S.W.3d 112, 114 (Mo.App. S.D.2002); *See also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of guilty pleas, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210 (1985). Hence, to satisfy the "prejudice" requirement, a defendant challenging a guilty plea based on ineffective assistance must allege facts showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* Where there is a negotiated plea of guilty, a claim of ineffective assistance is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which the guilty plea was made. *Cupp v. State*, 935 S.W.2d 367, 368 (Mo.App. S.D.1996).

"A complaint contending that counsel failed to render assistance to the standard required by law by failing to file and pursue a motion to suppress is waived by a voluntary entry of a guilty plea."

*Smith v. State*, 972 S.W.2d 551, 556 (Mo. App. S.D.1998). "[T]he existence of allegedly inadmissible evidence against an accused is not sufficient to vacate a guilty plea which was voluntarily and understandingly made." *Summers v. State*, 934 S.W.2d 563, 567 (Mo.App. S.D.1996). In order to determine whether a plea of guilty was voluntary, we review the record from movant's underlying criminal case and any evidence adduced at the evidentiary hearing. *Salinas v. State*, 96 S.W.3d 864, 866 (Mo.App. S.D.2002).

Having carefully reviewed the record in this matter, we find that the colloquy between the court and Movant at both the plea proceeding and at sentencing firmly establishes that Movant's plea of guilty was voluntarily and knowingly entered. Both proceedings were extensive and detailed. During the plea proceeding, sixty-three questions were asked of and answered by Movant, including twelve separate questions related to the performance of his counsel. Even when advised following sentencing that he had the right to file a Rule 24.035 motion, Movant affirmed numerous times that he was satisfied with his counsel's performance. "A [Movant] who repeatedly assures the court that he is satisfied with his counsel's performance and that his counsel had done everything that he requested, is later barred from obtaining post-conviction relief based on ineffective assistance of counsel." *Estes v. State*, 950 S.W.2d 539, 542 (Mo.App. E.D. 1997). The transcript of the proceedings was thorough and demonstrates that Movant knew what he was doing and that he pled guilty with the full understanding of the implications of his plea.

Additionally, the decision to file a motion to suppress is a matter of

---

3. We disagree with the State's suggestion that Movant's point relied on should not be reviewed because it substantially differs from the error alleged in his amended motion.

trial strategy and allegations of ineffective assistance of counsel relating to matters of trial strategy do not provide a basis for post-conviction relief. *State v. Maddix,* 935 S.W.2d 666, 672 (Mo.App. W.D.1996); *Rainwater v. State,* 770 S.W.2d 368, 370 (Mo.App. W.D.1989). Counsel is allowed wide latitude in conducting a defense and may use his best judgment in matters of trial strategy. *Stuckey v. State,* 756 S.W.2d 587, 593 (Mo.App. W.D.1988).

■■■ At the evidentiary hearing in this matter, Movant's trial counsel, DeWayne Perry ("Perry"), testified that he chose not to file a motion to suppress in this matter and that "he probably did not discuss" the issue with his client. Perry said that typically he files a motion to suppress in two situations: "if I see a really good issue that I think we have a real shot of winning and I discuss that with my client. And then I'll file a motion to suppress in cases where we are going to trial." He stated that he does not discuss motions to suppress with every single client and he did not file a motion to suppress in Movant's case because it was not part of his "trial strategy" and Movant intended to plead guilty. Perry further stated that Movant wanted to work the case out with a plea agreement and so he focused on resolving the case consistent with Movant's wishes. He stated that he attended the preliminary hearing in this matter, reviewed the police reports, spoke to Movant about the factual nuances of his case and determined that based on the facts there was not any issue which warranted filing a motion to suppress. Based on the record developed at the evidentiary hearing, we are convinced that Movant's counsel was not ineffective and his failure to file a motion to suppress was supported by sound trial strategy.

We find no abuse of discretion in the trial court's determination. The facts and conclusions of the motion court were not clearly erroneous, and a review of the record does not leave us with a definite and firm impression that a mistake has been made.

The judgment of the motion court is affirmed.

BARNEY, P.J., and PREWITT, J., concur.