**Ryan Robert HUGHES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 27592.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 31, 2006.

Margaret Mueller Johnston, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Robert J. Bartholomew, Asst. Atty. Gen., Jefferson City, MO, for respondent.

JEFFREY W. BATES, Chief Judge.

Ryan Hughes (Hughes) appeals from an order denying his Rule 24.035 motion without an evidentiary hearing.[1] In the underlying criminal case, Hughes was charged with robbery in the second degree. *See* § 569.030. He pled guilty and received a nine-year sentence. Thereafter, Hughes filed a timely *pro se* Rule 24.035 motion to set aside his guilty plea. The motion alleged that his plea was involuntary because defense counsel failed to conduct an adequate investigation. The motion court

---

1. All references to rules are to the Missouri Court Rules (2006). All references to statutes are to RSMo (2000) unless otherwise specified.

denied relief without conducting an evidentiary hearing. We affirm.

## I. Factual and Procedural Background

In April 2004, Hughes was charged by information with committing second-degree robbery by forcibly stealing pseudoephedrine from a supermarket. In July 2004, Hughes reached a written agreement with the State to plead guilty to this charge in exchange for a nine-year sentence that would run concurrently with his sentences in all other cases. During the plea hearing, the prosecutor was asked to outline the evidence that he intended to present at trial. The following colloquy occurred among the prosecutor, defense counsel, Hughes and the court:

> [PROSECUTOR]: The evidence ... would be that on December the 4th, 2003, approximately at midnight at the Dillon's store ... the Defendant was observed by security personnel, Casey McClain, putting boxes of Sudafed in his jacket. Casey McClain confronted Mr. Hughes; asked him to stop once; Mr. Hughes continued to walk. A second time he asked him to stop again. At that point Mr. McClain was attacked by Mr. Hughes. Other store personnel responded. Both Stephen Highfill and Casey McClain both had some injuries, being punched and struck by Mr. Hughes until they apprehended him with handcuffs. If this case did go to trial it would be the State's evidence from Casey McClain and Stephen Highfill, and store employee, Michael Crider.
>
> THE COURT: Mr. Hughes, were you able to hear what [the prosecutor] said happened in this case?

THE DEFENDANT: Yes. Your Honor?

THE COURT: Yes. Is there anything he said you disagree with?

THE DEFENDANT: Yes, there is.

THE COURT: Tell me about that?

THE DEFENDANT: He said that Mr. McClain was attacked and punched. It states in my report that there was two swings thrown, but was not able to make contact.

THE COURT: Okay. [Prosecutor], refresh me on robbery second degree. Do we have to have injury?

[PROSECUTOR]:[2] This is stealing by force, Judge, is how it was charged. The fact that Mr. Hughes was asked to stop, proceeded to use some physical force at least to try to escape, if not attack the store employees. I believe it does meet the element of stealing by force.

THE COURT: Do you agree with that, [defense counsel]?

[DEFENSE COUNSEL]: Yes, Your Honor. And to confirm what Mr. Hughes says, I believe the report does say that two swings were made, neither connected, but then afterwards Mr. Hughes was tackled and there was a scuffle in which there may have been some scrapes or something like that, but there were no further strikes.

THE COURT: Okay. Mr. Hughes, even though you didn't hit this gentleman, is it true that he tried to stop you and you struggled with him to try and get away?

THE DEFENDANT: Yes.

. . . .

---

**2.** The transcript states that this response was made by Hughes. Based on the context and the answer given to the court's question, however, it is clear the response came from the prosecutor. *See, e.g., State v. Bailey,* 783 S.W.2d 490, 492 n. 1 (Mo.App.1990). Therefore, we have corrected the error in our quotation.

THE COURT: Are you pleading guilty to the robbery 2nd case because you did, in fact, commit that crime?

THE DEFENDANT: Yes, sir.

The trial court accepted Hughes' guilty plea for second-degree robbery because it was made "freely, voluntarily and intelligently" and there was a factual basis for the plea.

In October 2004, Hughes appeared for sentencing and was given a nine-year sentence in conformity with the plea agreement. During the hearing, Hughes expressed surprise at the length of his sentence and said that he thought "[s]econd-degree robbery means you forcibly fought the police, and I didn't fight nobody." The court told Hughes "[t]hat's not what that means...."

In January 2005, Hughes filed a *pro se* motion to set aside his guilty plea. The only allegation relevant to this appeal stated that "counsel failed to do enough discovery." In support of that allegation, Hughes alleged that "my attorney did not view the videotape of evidence witch (sic) clearly shows that I didn't take two swings at officer Mclain (sic) / even though I didn't make contact on either of the swings." Post-conviction counsel was appointed, but she filed a statement pursuant to Rule 24.035(e) verifying that "there are no potentially meritorious claims known to counsel, or facts in support thereof, that have been omitted from [Hughes'] *pro se* motion." The statement was served upon Hughes, and he filed no reply.

In January 2006, the State moved to deny the motion without an evidentiary hearing. The court granted the request for the following reason:

[Movant] also alleges that his attorney did not watch a videotape which showed either that he didn't take two swings at the security officer or he didn't make contact with either of the swings he took at the security officer.... After the prosecutor recited the facts of the robbery case, Movant was asked if he disagreed with any of the facts. Movant's only complaint at that point was "He said that Mr. McClain was attacked and punched. It states in my report that there was (sic) two swings thrown, but was (sic) not able to make contact." Movant's counsel indicated that he was aware of the police report but conceded that an ensuing scuffle may have caused injury to the security officer as claimed. Movant, when asked directly by the Court if he had struggled with the security officers when they tried to stop him from fleeing, agreed that he had. Movant has not demonstrated any prejudice by his counsel's alleged failures.

This appeal followed.

## II. Standard of Review

■ Appellate review of an order overruling a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are "clearly erroneous." Rule 24.035(k); *Morehead v. State*, 145 S.W.3d 922, 927 (Mo.App.2004). Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the "definite and firm impression that a mistake has been made." *Rice v. State*, 988 S.W.2d 556, 558 (Mo.App.1999).

■ The only point presented by Hughes' appeal is whether the trial court erred in denying the Rule 24.035 motion without first conducting an evidentiary hearing. Thus, the issue presented by Hughes' appeal is whether the trial court erred in refusing to grant him an evidentiary hearing on the above-described claim, not whether he is actually entitled to relief. *Bryan v. State*, 134 S.W.3d 795, 798 (Mo.

App.2004). "A motion court is not required to grant an evidentiary hearing on a claim for post-conviction relief unless: (1) the movant pleads facts that if true would warrant relief; and, (2) the facts alleged are not refuted by the record; and, (3) the matter complained of resulted in prejudice to the movant." *Dorsey v. State,* 115 S.W.3d 842, 844–45 (Mo. banc 2003); *Harling v. State,* 172 S.W.3d 889, 892 (Mo. App.2005). If the files and records of the case conclusively show that Hughes is not entitled to any relief, no evidentiary hearing is required. Rule 24.035(h); *State v. Brooks,* 960 S.W.2d 479, 497 (Mo. banc 1997); *Harling,* 172 S.W.3d at 892.

## III. Discussion and Decision

 To prevail on a claim of ineffective assistance of counsel, Hughes must show that his counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and that he was prejudiced thereby. *Fogle v. State,* 124 S.W.3d 509, 511 (Mo.App.2004); *Bryan v. State,* 134 S.W.3d 795, 798–99 (Mo.App.2004). Failure to satisfy either prong of this test means Hughes' claim for relief must fail, and we are not obligated to address the other prong. *Dorsey v. State,* 113 S.W.3d 311, 314 (Mo.App.2003). In Hughes' sole point on appeal, he contends the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing because he alleged facts, not conclusively refuted by the record, that would entitle him to relief. Hughes argues that he pled sufficient facts to warrant a hearing because "counsel failed to view the videotape of the alleged robbery incident, and had he done so, he would have seen that the video shows that no force was used in the taking and had counsel advised [Hughes] that the video supported only a misdemeanor offense, [Hughes] would not have pleaded guilty, but would have proceeded to trial."

 Hughes' allegation about the adequacy of his attorney's discovery must be assessed in light of the accepted principle that "[a] guilty plea generally waives any future complaint the defendant might have about trial counsel's failure to investigate his case." *Simmons v. State,* 100 S.W.3d 143, 146 (Mo.App.2003); *McVay v. State,* 12 S.W.3d 370, 373 (Mo.App.2000). In other words, Hughes' plea of guilty to the charge of second-degree robbery means "any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made." *State v. Roll,* 942 S.W.2d 370, 375 (Mo. banc 1997). To establish prejudice in the factual context of this case, Hughes must show the existence of a reasonable probability that he would have elected to proceed to trial, rather than entering a guilty plea, but for his counsel's alleged error in failing to view the videotape. *Fogle,* 124 S.W.3d at 511; *Beal v. State* 51 S.W.3d 109, 111 (Mo.App.2001). The motion court decided that this alleged error did not prejudice Hughes. For the reasons explained below, the motion court's finding is not clearly erroneous.

 Hughes was charged with second-degree robbery in violation of § 569.030.1, which states that "[a] person commits the crime of robbery in the second degree when he forcibly steals property." The phrase, "forcibly steals," is further defined by § 569.010(1), which states, in pertinent part, as follows:

"Forcibly steals", a person "forcibly steals", and thereby commits robbery, when, in the course of stealing, as defined in section 570.030, RSMo, he uses or threatens the immediate use of physical force upon another person for the purpose of:

(a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking....

Stealing occurs when a person "appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion." § 570.030.1 RSMo Cum.Supp. (2003). Thus, "[t]he crime of second degree robbery is composed of two elements: stealing and the use of actual or threatened force." *Maclin v. State,* 184 S.W.3d 103, 109 (Mo.App. 2006); § 569.030; § 569.010(1).

■ The gist of Hughes' argument on appeal is that the events allegedly depicted on the videotape would have provided him with a viable defense to the charge of second-degree robbery. That assertion is conclusively refuted by the record before the trial court. During the plea hearing, the colloquy among the court, the attorneys and Hughes established that: (1) he stole pseudoephedrine by hiding it in his jacket and attempting to leave the store with it; and (2) upon being confronted by McClain and Highfill, Hughes struggled with them while trying to escape with the stolen drugs. These facts are sufficient to make a submissible case on the charge of second-degree robbery. *See, e.g., State v. Maclin,* 113 S.W.3d 304, 306–07 (Mo.App. 2003) (defendant struggled with supermarket employees while trying to leave store with stolen liquor); *State v. Norton,* 949 S.W.2d 211, 213–14 (Mo.App.1997) (defendant struggled with loss-prevention officer while trying to leave store with stolen shirts); *State v. Jolly,* 820 S.W.2d 734, 735–36 (Mo.App.1991) (defendant struggled with victim by pulling on bank deposit bag with both hands to dislodge it from victim's grasp); *State v. Applewhite,* 771 S.W.2d 865, 867–68 (Mo.App.1989) (defendant pushed store employee against door while fleeing with stolen cigarettes); *State v. Harris,* 622 S.W.2d 742, 744–45 (Mo. App.1981) (defendant shoved store employee with shoulder, pushed by her and then struggled with employee over stolen clothing at the getaway car). Consequently, it is irrelevant that Hughes "didn't take two swings," at McClain or, alternatively, "didn't make contact on either of the swings" at McClain. Defense counsel's comments during the plea hearing demonstrate a correct understanding of the law in that regard. In view of the other facts admitted by Hughes, there was no basis for defense counsel to advise Hughes that he was not guilty of second-degree robbery and should go to trial instead of entering a plea. *See Hagan v. State,* 836 S.W.2d 459, 464 (Mo. banc 1992) (defendant's admission that he struggled with victim while snatching her car keys so he could steal her vehicle furnished the factual predicate necessary to support his guilty plea to the charge of second-degree robbery). Hughes' admission that he used physical force against McClain and Highfill in an attempt to get away with the stolen pseudoephedrine provided an adequate factual basis for his guilty plea. "Admissions in a guilty plea go beyond merely confessing to the various acts." *Id.* By pleading guilty, Hughes admitted his guilt to the substantive crime charged and the requisite acts necessary to support that charge. *Id.*

In sum, the motion court's finding that Hughes sustained no prejudice from counsel's alleged failure to view the videotape is not clearly erroneous. *See* Rule 24.035(k); *Morehead v. State,* 145 S.W.3d 922, 931 (Mo.App.2004). The record conclusively refutes Hughes' allegation that he did not voluntarily and understandingly plead guilty because defense counsel failed to conduct adequate discovery. *See McVay v. State,* 12 S.W.3d 370, 374 (Mo.App.2000). Under the standards set forth above, no evidentiary hearing was required. Rule

24.035(h); *State v. Brooks,* 960 S.W.2d 479, 497 (Mo. banc 1997); *Harling v. State,* 172 S.W.3d 889, 892 (Mo.App.2005). Accordingly, we deny Hughes' point on appeal and affirm the order denying his Rule 24.035 motion without an evidentiary hearing.

GARRISON and LYNCH, JJ., Concur.