

# Missouri Court of Appeals

## Southern District

### In Division

MICHAEL SHAWN LEE,        )
                           )

    Appellant,        )    No. SD37214

                           )

vs.                 )    **Filed:  November 29, 2022**

                           )

STATE OF MISSOURI,       )

                           )

    Respondent.      )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jason R. Brown, Judge

**REVERSED AND REMANDED**

Michael Shawn Lee ("Movant") appeals the motion court's dismissal of his Rule 29.15 amended motion for post-conviction relief without an evidentiary hearing.[1]  In his sole point, Movant claims the motion court clearly erred in dismissing his Rule 29.15 amended motion without an evidentiary hearing because Movant "alleged facts not contradicted by the record that would entitle him to relief, [and] he did not abandon this claim on direct appeal when he did not present it[.]"  Finding merit in Movant's point,

---

[1] All rule references are to Missouri Court Rules (2021).

we reverse and remand the motion court's judgment for further proceedings consistent with this opinion.

## Factual and Procedural Background

A jury found Movant guilty of forcibly raping and sodomizing his ex-girlfriend ("Victim"). After trial, Movant fired his trial counsel and hired another attorney who filed a motion for new trial in the underlying criminal case. The motion for new trial alleged trial counsel provided "ineffective assistance of counsel" by failing to call Dale Dodson ("Dodson") as a witness at trial.

The trial court held an evidentiary hearing on Movant's motion for new trial, which included testimony given by both trial counsel and by Dodson. Trial counsel was asked numerous questions about the trial but was not asked any specific question about his trial strategy in failing to call Dodson as a witness. Dodson testified at the motion hearing that he was a friend of Movant's and had told trial counsel that Victim called Movant the day after the alleged incident. According to Dodson, Victim was on speaker phone so they could both hear her. Dodson heard her apologize to Movant for her actions. He said Victim stated she could not really remember what happened the night before and asked Movant to "come over and be with her." The trial court denied Movant's motion for new trial and later sentenced Movant to 15 years in prison.

Movant filed a direct appeal following the denial of his motion for new trial. His direct appeal did not include a claim that the trial court erred in denying the motion based on ineffective assistance of counsel.[2] After Movant's convictions were affirmed, Movant filed a *pro se* motion and an amended motion for post-conviction relief under

---

[2] Movant's convictions were affirmed on direct appeal in an unpublished Order and Statement. *See **State v. Lee***, SD36074, July 15, 2020.

2

Rule 29.15 alleging that trial counsel's failure to call Dodson at trial constituted ineffective assistance of counsel. Movant's amended motion stated he would rely on the testimony of trial counsel, Movant, and the underlying criminal case files and transcripts.[3]

In response to Movant's amended motion, the State filed a motion to dismiss, arguing Movant abandoned his claim of ineffective assistance of counsel by failing to raise it on direct appeal. The motion court agreed, and dismissed Movant's claim without an evidentiary hearing, finding "the files and records conclusively show that the sole basis for relief set forth in Movant's Amended Motion has been previously abandoned by him[.]" Movant appeals from that judgment in a single point.

---

[3] Paragraph 9.a. of Movant's Amended Motion read as follows:

> **9.a. Counsel was ineffective in that counsel failed to call Gregory Dale Dodson to testify at trial.**
>     Prior to trial, counsel contacted [Dodson] about testifying in Movant's behalf at trial. [Dodson] indicated that he was willing and able to testify at Movant's trial and even expected to be called to testify. [Dodson] informed trial counsel that the day after the alleged rape and sodomy of [Victim]; [Dodson] was privy to a conversation about that night. [Dodson] told counsel that [Victim] called Movant the day after the alleged incident. [Dodson] instructed Movant to put her on speaker phone so they could both hear her. [Dodson] told counsel that [Victim] apologized to Movant for her actions. He said [Victim] said she could not really remember what happened the night before. [Dodson] said [Victim] asked Movant to "come over and be with her."
>     Had [Dodson] been called as a witness at trial, he would have also testified as to how Movant and [Victim] were acting at Showtime Joe's bar the night of the alleged incident. [Dodson] would have testified that his wife, Jamie Dodson, worked at Showtime bar at the time. He would have also testified that he was very close friends with the owner and bartended there sometime. [Dodson] had an app on his phone at the time that allowed him to monitor the security cameras at the bar. [Dodson] would have testified that he checked on his wife from time to time using the app. He would have testified that he saw Movant and [Victim] at the bar the night of the alleged incident. [Dodson] would have testified that he saw [Victim] showing Movant affection by hugging and kissing him. [Dodson] would have testified that Movant did not act aggressively or initiate any kind of sexual contact.

(Internal citations omitted).

3

## Standard of Review

Our review of a judgment entered under Rule 29.15 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); ***Price v. State***, 422 S.W.3d 292, 294 (Mo. banc 2014). Findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with a definite and firm impression that a mistake has been made. ***Meiners v. State***, 540 S.W.3d 832, 836 (Mo. banc 2018).

## Analysis

The sole issue in this case is whether the motion court clearly erred in dismissing Movant's claim without an evidentiary hearing on the ground that Movant abandoned his claim of ineffective assistance of counsel by failing to raise it on direct appeal.[4] The parties agree that abandonment does not apply, and so do we.[5]

Rule 29.15 provides the "exclusive procedure" by which a person convicted of a felony after trial may seek relief in the sentencing court for claims of ineffective assistance of counsel. Rule 29.15(a). Since Rule 29.15 is the exclusive procedure for

---

[4] In reaching this holding, the motion court relied on ***Kelly v. State***, 784 S.W.2d 270 (Mo. App. E.D. 1989) for the proposition that if an issue was raised in a motion for new trial but not raised in the direct appeal itself, the issue is abandoned and cannot be brought in a post-conviction relief case. While ***Kelly*** is a Rule 29.15 case that held a movant abandoned a claim raised in a motion for new trial by failing to raise it in a direct appeal, ***Kelly*** is unpersuasive because the ***Kelly*** court based its reasoning on two cases involving the prior version of Rule 29.15 (then Rule 27.26), which did not contain language making it the "exclusive procedure" for post-conviction relief claims.

[5] While both parties agree abandonment does not apply, the State argues res judicata should bar Movant from relitigating his claim. "The doctrine of res judicata, commonly referred to as claim preclusion, operates as a bar to the reassertion of a cause of action that has been previously adjudicated in a proceeding between the same parties or those in privity with them." ***Lomax v. Sewell***, 50 S.W.3d 804, 809 (Mo. App. W.D. 2001) (quoting ***Robin Farms, Inc. v. Beeler***, 991 S.W.2d 182, 185 (Mo. App. W.D. 1999)). "Res judicata is an affirmative defense that is not self-proving; evidence to support the defense must be adduced." ***Id.*** at 808 (internal citation and quotation omitted). The State did not assert res judicata as a defense in its motion to dismiss. Nor was this argument presented to the motion court at any time. For that reason, we decline to consider this argument on appeal.

4

litigating post-conviction relief claims, "a claim of ineffective assistance of counsel, even if compelling, is not cognizable on direct appeal." *State v. Nettles*, 481 S.W.3d 62, 69 (Mo. App. E.D. 2015); *State v. Webber*, 504 S.W.3d 221, 230 (Mo. App. W.D. 2016). It is axiomatic that a party cannot abandon a claim by failing to challenge it on direct appeal if that claim is not cognizable on direct appeal. Thus, a direct appeal challenging the trial court's denial of a defendant's motion for new trial on the grounds of ineffective assistance of counsel would have been futile. For that reason, Movant did not abandon his post-conviction claim for ineffective assistance of counsel by not raising it on direct appeal. The motion court clearly erred in dismissing Movant's Rule 29.15 amended motion based on abandonment.

**Evidentiary Hearing and Findings of Fact and Conclusions of Law**

Because the motion court dismissed Movant's Rule 29.15 amended motion, it failed to issue findings of fact and conclusions of law as required by Rule 29.15(j), including whether an exception for the evidentiary hearing requirement might apply. Rule 29.15(j) states, in part, "[w]hether or not a hearing is held, the court shall issue findings of fact and conclusions of law on all issues presented[.]"[6] "While there is no precise formula to which findings of fact and conclusions of law must conform, they must address all of the issues raised and be sufficiently specific to allow for meaningful appellate review." *Grimes v. State*, 260 S.W.3d 374, 375 (Mo. App. W.D. 2008) (internal quotations and citation omitted). "The absence of findings or conclusions

---

[6]Rule 29.15 "provides a presumption in favor of an evidentiary hearing." *Barnett v. State*, 103 S.W.3d 765, 769 (Mo. banc 2003). However, a motion court is not required to conduct an evidentiary hearing on a claim for post-conviction relief unless: "(1) the movant pleads facts that if true would warrant relief; and, (2) the facts alleged are not refuted by the record; and, (3) the matter complained of resulted in prejudice to the movant." *Dorsey v. State*, 115 S.W.3d 842, 844-45 (Mo. banc 2003). If the files and records of the case conclusively show that the movant is not entitled to any relief, no evidentiary hearing is required. Rule 29.15(h); *Hughes v. State*, 204 S.W.3d 376, 380 (Mo. App. S.D. 2006).

giving the basis for the trial court's action leaves an appellate court in the dark as to the reasons for the trial court's action and presents nothing of substance to review." *State v. Deprow*, 937 S.W.2d 748, 751 (Mo. App. S.D. 1997).

Here, the motion court's failure to make required findings on all issues, including whether an exception to the evidentiary hearing requirement applied, impedes our ability to review Movant's claim in a meaningful way. *See Stevenson v. State*, 67 S.W.3d 749, 751 (Mo. App. W.D. 2002) (remanding matter for motion court to determine if an evidentiary hearing should be held and to make detailed findings of fact and conclusions of law in accordance with Rule 29.15(j)).

## Conclusion

We reverse the motion court's judgment dismissing Movant's Rule 29.15 amended motion and remand for further proceedings consistent with this opinion.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

JENNIFER R. GROWCOCK, J. –  CONCURS